# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHELE LOUISE HILTON,**

        **Plaintiff,**

**v.**                                                  **Case No:  6:13-cv-1427-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

# MEMORANDUM OF DECISION

Michele Louise Hilton (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1.  Claimant alleges an onset of disability beginning October 15, 2009, and Claimant is insured for benefits through June 30, 2010.  R. 15, 17.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to: 1) state with particularity the weight given to Dr. Arnold M. Schenker's July 20, 2010 psychiatric evaluation and opinion; and 2) properly evaluate and consider the the Department of Veterans Affairs' (the "VA") December 28, 2009 disability rating decision, which found Claimant disabled.  Doc. No. 13 at 9-13.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.    <u>ANALYSIS.</u>

### A.    Dr. Schenker's Opinion.

As set forth in greater detail below, on December 28, 2009, the VA issued a ratings decision, finding Claimant is disabled.  R. 217-220.  On July 20, 2010, Dr. Arnold M. Schenker, a psychiatrist, conducted an evaluation of Claimant's post-traumatic stress disorder ("PTSD") on

behalf of the VA in order to review its December 28, 2009 disability decision.  R. 710-17.  After conducting the psychiatric evaluation, Dr. Schenker opined that Claimant's PTSD "remains chronic and mod[erate] to severe in intensity and appears not have improved since her last evaluation."  R. 716.  Thus, Dr. Schenker found no improvement in Claimant's condition since the VA's December 28, 2009 disability ratings decision.  R. 716.  Dr. Schenker stated that Claimant's prognosis is guarded and also opined that Claimant's "employability is limited and related to both her physical as well as mental conditions."  R. 716-17.

On September 14, 2011, the ALJ issued a decision finding Claimant not disabled.  R. 15-27.  The ALJ's decision does not mention Dr. Schenker's opinion.  R. 15-27, 710-17.   It is well settled in the Eleventh Circuit that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.   *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011).   "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

In this case, Dr. Schenker opined that Claimant's symptoms from her PTSD are moderate to severe in intensity, they have not improved since the VA's disability ratings decision, her prognosis is guarded, and her employability is limited by both her physical and mental limitations.

R. 716-17.   Without the ALJ stating with particularity the weight given to Dr. Schenker's opinion

and the reasons therefor, the Court cannot determine whether the ALJ's decision is supported by

substantial evidence.   *See Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053.[1]

Accordingly, the ALJ's error with respect to Dr. Schenker's opinion is an independent basis to

remand the final decision for further proceedings.[2]

**B.     VA Decision.**

On December 28, 2009, the VA issued a ratings decision, based upon their own rules and

regulations, finding that Claimant is disabled in the following respects:

1.   PTSD – 50 percent disability rating;

2.   Migraine headaches – 30 percent disability rating;

3.   Gastro esophageal reflux disease – 10 percent disability rating;

4.   Right knee injury – 10 percent disability rating;

5.   Right ankle injury – 10 percent disability rating;

6.   Left knee strain – 10 percent disability rating;

7.   Post-surgical, right knee scar – 10 percent disability rating; and

---

[1] The Commissioner raises two principle arguments in support of her position that the ALJ did not err with respect to Dr. Schenker's opinion, both of which lack merit.  Doc. No. 18 at 7-8.  First, the Commissioner implicitly argues that the ALJ was not required to state with particularity the weight given to the opinion because it was rendered on July 20, 2010, twenty (20) days after Claimant's insurance for disability benefits expired.  Doc. No. 18 at 7.  This argument is rejected because Dr. Schenker's opinion clearly states that Claimant's condition has not changed since the VA's December 28, 2009 disability determination, which falls within the time Claimant is eligible for disability benefits. R. 710, 716.  Second, the Commissioner argues "other evidence of record" is contrary to Dr. Schenker's opinion, which argument constitutes impermissible *post hoc rationalization*.  Doc. No. 18 at 7-8.  "[A] court may not accept appellate counsel's *post hoc rationalizations* for agency action," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order."  *Baker v. Commissioner of Social Security*, 2010 WL 2511385, at *3 (11th Cir. June 23, 2010).

[2] In this case the ALJ obviously erred by failing to discuss and state with particularity the weight given to Dr. Schenker's opinion and the reasons therefor.  That error is plain on the face of the record.  Although it did not happen here, this case is an example of an instance where the Commissioner frequently agrees further administrative review should occur and voluntarily moves for remand.  Such decisions promote the interest the parties and the Court have in obtaining a just, speedy, and inexpensive resolution of proceedings such as this.

8.   Post-surgical, right ankle scar – 10 percent disability rating.

R. 217-18.  With respect to Claimant's PTSD, the VA's decision states in part that:

> A 50 percent evaluation is granted as the evidence shows you experience symptoms such as chronic sleep impairment, restricted affect, anxious, depressed and labile mood, social isolation, suicidal ideation without intent or plans, impaired recent memory and the examiner stated you have reduced reliability and productivity due to your symptoms as well as deficiencies in family relations and mood.
>
> An evaluation of 50 percent is assigned for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g. retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships.

R.  220.   Thus, the VA's decision clearly articulates the basis for its disability rating with respect to Claimant's PTSD.  R. 220.[3]

With respect to the VA's disability rating decision, the ALJ states the following:

> The finding of the [VA] was carefully considered by the [ALJ] along with the rest of the evidence in the record.  The [VA] has several disability programs under different laws, and the eligibility requirements differ in each instance.  Although similar, the eligibility requirements under the disability programs administered by the [VA] and by the Social Security Administration are not the same.  Thus, a person who meets the requirements under a [VA] program does not necessarily qualify under the disability provisions of the Social Security Act.  [The ALJ] must determine whether the requirements contained in the Social Security Act are met in this case.  In this case, [the ALJ does] not find significant support for the disability ratings  assigned by the [VA], given the claimant's ability to engage in social activities, get married, and work as a bartender.

---

[3] The balance of the VA decision addressed the other impairment ratings and the VA's basis for reaching its rating decisions related thereto.  R. 221-229.

R. 24.  Thus, the ALJ does not specifically discuss the actual disability ratings determined by the VA, but only generally discusses that disability requirements differ between the VA and the Social Security Administration.  R. 24.  Next, the ALJ finds that there is not "significant support for the disability ratings assigned by the [VA]" because the Claimant has the ability to "engage in social activities, get married, and work as a bartender."  R. 24.  In short, the ALJ implicitly gives little weight to the VA's disability decision.  R. 24.

20 C.F.R. §§ 404.1504 and 416.904 provide:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

Id. (emphasis added).   Thus, the regulations provide that a decision by another government agency, such as the VA, about whether a claimant is disabled is not binding on the Commissioner. Id.  The ALJ's statements regarding the VA's disability rating decision mirror the above-quoted regulations.  R. 24.

While such other governmental determinations of disability are not binding, SSR 06-3p provides:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental . . . agencies.  Therefore, evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered. . . .  [T]he adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases. . . .

Id.   Thus, SSR 06-3p requires the Commissioner to evaluate decisions by other governmental agencies and states that the ALJ should explain the consideration given to those decisions.  Id.

In *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981), the former Fifth Circuit held that while VA disability decisions are not binding on the Commissioner, they are "evidence that should be considered and [are] entitled to great weight." *Id.*[4]  Since *Rodriguez*, the Eleventh Circuit has also held that "'[t]he findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight.'"  *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983)).   The Eleventh Circuit has stated that the weight afforded to disability ratings from the VA may be implicit in the ALJ's decision.  *See Kemp v. Astrue*, 308 F. App'x. 423, 426 (11th Cir. 2009) (unpublished).[5]  However, Courts within the Eleventh Circuit have routinely reversed where ALJs have failed to specifically identify VA disability ratings themselves, specify the weight given to them, or engage in a meaningful evaluation of them.  *See Salamina v. Colvin*, Case No. 8:12-cv-1985-T-23TGW, 2013 WL 2352204, at *3-4 (M.D. Fla. May 29, 2013); *Rodems v. Colvin*, 2014 WL 795966, at *5 (N.D. Ala. Feb. 27, 2014) (reversing in part because the ALJ did not state what the disability ratings were or the weight accorded to them); *Rainwater v. Colvin*, 2013 WL 4763742, at *3-4 (M.D. Ga. Sept. 4, 2013) (ALJ failed to articulate adequate reasons for discounting VA decision because the only reason given was that the decision is not binding on the Commissioner).  Similarly, in *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001), the Fifth Circuit explained that while an ALJ is not required to give a disability decision of another agency great weight, an ALJ must adequately explain valid reasons for not doing so.  *Id.*

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  Moreover, in *Kemp*, the ALJ repeatedly referred to the VA's decision throughout his decision and gave specific reasons why the VA's 30% disability rating did not translate as a severe impairment under the Commissioner's guidelines. *Id.*  Thus, the Eleventh Circuit found that the ALJ "implicitly found that the VA disability ratings were entitled to great weight" even though they did not support a finding of disability under the standard governing Social Security benefit claims.  *Id.*

In this case, the ALJ mentions the VA's decision, but does not discuss the actual disability ratings thereof, states that the VA's decision is not binding on the ALJ, and implicitly gives it little weight based on "claimant's ability to engage in social activities, get married, and work as a bartender." R. 24.   The Court finds that the reasons offered by the ALJ for implicitly giving the VA's disability ratings little weight are not valid reasons or supported by substantial evidence. First, with respect Claimant's ability to "engage in social activities," the ALJ specifically found that Claimant has moderate limitations in the ability to engage in "social functioning," and that Claimant must "avoid crowded work settings" and can have no more than "occasional public interactions." R. 18-19.  Thus, the ALJ's implicit determination that the VA's decision is entitled to little weight, in part, because Claimant retains the ability to "engage in social activities" conflicts with the ALJ's other findings related to Claimant's social functions.   In other words, without further explanation from the ALJ, the Court cannot reconcile the ALJ's rejection of the VA's decision based on Claimant's ability to partake in social activities with the ALJ's other determinations that Claimant has significant limitations in social functioning.

The ALJ's second reason for giving little weight to the VA decision is that Claimant demonstrated the ability to get married. R. 24.   An individual's ability to get married is not, in and of itself, a valid reason to reject the VA's disability rating with respect to Claimant's PTSD or any of her other impairments.   Third, the ALJ implicitly gave the VA's rating decision little weight because of "claimant's ability to . . . work as a bartender." R. 24.   This finding conflicts with the ALJ's determination, at step-four of the sequential evaluation process, that the Claimant's residual functional capacity precludes the ability to perform her past relevant work as a bartender.   R. 25. Thus, none of the reasons offered by the ALJ for implicitly giving little weight to the VA's decision are supported by substantial evidence.    Moreover, the reasons themselves are conclusory.

Accordingly, the Court finds that the ALJ failed to provide an adequate explanation of the reasons for discounting the weight given to the VA's disability decision and, therefore, the final decision is not supported by substantial evidence.   On remand, the ALJ should specifically address the VA's rating decision, state the weight given to it and the reasons therefor.

## II.     CONCLUSION.

For the reasons stated above, the case must be remanded to the Commissioner for further proceedings.[6]   Accordingly, it is **ORDERED** that:

1.     The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2.     The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE and ORDERED** in Orlando, Florida on July 31, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Electronic copies to:
Counsel of record

Copies by Regular U.S. Mail to:
The Honorable Lisa B. Martin
Administrative Law Judge

---

[6]Claimant also argues that the ALJ erred by failing to: weigh twenty-two (22) global assessment of functioning scores; include any limitations from Claimant's headaches, PTSD, and depression into the ALJ's residual functional capacity assessment; and include any specific limitations from Claimant's moderate limitations in concentration, persistence or pace into the residual functional capacity assessment or the hypothetical question to the vocational expert.  Doc. No. 13 at 13-19.  Claimant does not request a remand for an award of benefits, but only a remand for further proceedings.  Doc. No. 13 at 19-20.   As such, it is unnecessary to address the remaining errors alleged because on remand the ALJ will necessarily have to reassess the entire record. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *Salamina*, 2013 WL 2352204 at *4 (due to the ALJ's error with respect to VA's disability rating it is unnecessary to address other arguments for remand).

c/o Office of Disability Adjudication and Review
Desoto Building, Suite #400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224